# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MONITA HARA,

    Plaintiff,

    v.

THE PENNSYLVANIA DEPARTMENT OF EDUCATION, JOHN TOMMASINI, AND CHRISTINE BRENNAN,

    Defendants.

CIVIL ACTION NO. 3:09-CV-1014

(JUDGE CAPUTO)

## MEMORANDUM

Presently before this Court is Defendants' Motion to Dismiss (Doc. 11) Plaintiff's Amended Complaint (Doc. 9.) Defendants' motion will be granted in part and denied in part as discussed below. This Court has jurisdiction over Plaintiff's federal claim pursuant to 28 U.S.C. § 1331 ("federal question jurisdiction"), and over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 ("supplemental jurisdiction").

## BACKGROUND

The facts alleged in Plaintiff's Amended Complaint are as follows:

Plaintiff Monita Hara ("Plaintiff") was at all relevant times employed by the Pennsylvania Department of Education as the Superintendent of the Scranton State School of the Deaf ("SSSD"). (Amend. Compl. ¶ 10, Doc. 9.) The Pennsylvania Department of Education ("PDE") is an educational agency of the Commonwealth of Pennsylvania. (Amend. Compl. ¶ 2.) Defendant John Tommasini ("Tommasini") was at all relevant times employed by the PDE as the Director of the Bureau of Special Education. (Amend. Compl.

¶ 3.) Defendant Christine Brennan ("Brennan") was at all relevant times employed by the PDE as the Director of Human Resources.  (Amend. Compl. ¶ 4.)

Prior to May 11, 2009, Plaintiff acted as a private citizen expressing concern with the proposed closing of the SSSD as a guest columnist for the *Scranton Times* newspaper.  (Amend. Compl. ¶¶ 11, 23.)  On or about May 11, 2009, Tommasini contacted Plaintiff and informed her she was to meet with him in Harrisburg, Pennsylvania the following day.  (Amend. Compl. ¶ 15.)  On May 12, 2009, Plaintiff arrived for the meeting with Tommasini.  (Amend. Compl. ¶ 20.)  Brennan was also present at this meeting.  (Amend. Compl. ¶ 20.)  Tommasini and Brennan discussed the *Scranton Times* article with Plaintiff, then left the room.   (Amend. Compl. ¶¶ 22-24.)   When they returned, Tommasini and Brennan questioned Plaintiff regarding a group of individuals who had been denied access to SSSD to complete an inventory.  (Amend. Compl. ¶ 24.)  Plaintiff explained that those individuals did not have the required clearances to be in close proximity to the students living in the dormitories at the time.  (Amend. Compl. ¶ 25.)  In response to this explanation, Brennan told Plaintiff she was being transferred over one hundred and twenty (120) miles away to Harrisburg.  (Amend. Compl. ¶¶ 26, 31.)  After inquiring about the details of Plaintiff's new position, Plaintiff told Brennan and Tommasini she did not understand why the PDE kept changing its explanation of why SSSD would be closed.  (Amend. Compl. ¶¶ 27-28.)  Tommasini and Brennan again left the room and returned.  (Amend. Compl. ¶¶ 29-30.)  Upon their return, Brennan informed Plaintiff that she was being suspended for ten (10) days without pay or benefits.  (Amend. Compl. ¶ 30.)  Plaintiff was forced to resign to avoid tarnishing her impeccable employment history and reputation with a baseless suspension.  (Amend. Compl. ¶ 31.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not

3

alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

Plaintiff's Amended Complaint contains two counts. At Count I, she brings a cause of action under 28 U.S.C. § 1983 against all defendants for violations of her First and Fourteenth Amendment rights. At Count II, she brings a cause of action under Pennsylvania law against all defendants for constructive discharge. Defendants' motion to dismiss will be considered as to each claim.

### I. Section 1983 Claims (Count I)

Defendants first argue that Plaintiff's claims brought against the Pennsylvania Department of Education pursuant to 42 U.S.C. § 1983 should be dismissed because states

and state agencies are not "persons" under § 1983.[1] That states and state agencies do not qualify as "persons" under § 1983 is now axiomatic. By applying rules of statutory construction, the Supreme Court held in *Will v. Michigan Department of State Police* that Congress simply did not intend to place states within the reach of § 1983 liability. 491 U.S. 58, 62-71 (1989). Because the Pennsylvania Department of Education is not a "person" within the meaning of § 1983, Plaintiff's claims against it at Count I will be dismissed.[2]

The Supreme Court also reasoned that because a suit against a state official acting in his or her official capacity is no different than a suit against the state, there is no distinction between the two for purposes of § 1983. *Will,* 491 U.S. at 71. Therefore, Plaintiff's claims would also be barred as to § 1983 claims for monetary damages against Tommasini and Brennan in their official capacities. Plaintiff does not specify whether this litigation is brought against Tommasini and Brennan in their official or individual capacities. Because claims against Tommasini and Brennan in their individual capacities would be possible under § 1983, the Court will evaluate Plaintiff's claims at Count I under this theory.

A. First Amendment Retaliation

Count I of Plaintiff's amended complaint brings a claim against Defendants for retaliation in violation of the First Amendment, alleging that the Defendants transferred her

---

[1] Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ." 42 U.S.C. § 1983.

[2] In light of the this conclusion, I need not address Defendants' argument that they are entitled to immunity from these claims under the Eleventh Amendment.

5

in response to her article questioning the closure of the SSSD. "The First Amendment prohibits government officials from subjecting an individual to retaliatory actions . . . for speaking out." *Hartman v. Moore,* 547 U.S. 250, 256 (2006). Public employees have a constitutional right to speak out on matters of public concern without fear of retaliation. *McKee v. Hart*, 436 F.3d 165, 169 (3d Cir. 2006) (citing *Brennan v. Norton*, 350 F.3d 399, 412 (3d Cir. 2003)). In order to plead a First Amendment retaliation claim, "a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action. *Thomas v. Independence Twp.,* 463 F.3d 285, 296 (3d Cir. 2006).

1. Protected Conduct

First, Plaintiff alleges that she engaged in protected conduct by authoring a newspaper article as a private citizen which questioned the PDE's decision to close the SSSD. A public employee's claim for protected speech "must be on a matter of public concern, and the employee's interest in expression on this matter must not be outweighed by any injury the speech could cause to the interest of the state as an employer in promoting the efficiency of the public services it performs through its employees." *Watters v. City of Philadelphia*, 55 F.3d 886, 892 (3d Cir. 1995) (citations omitted). "An employee's speech addresses a matter of public concern when it can be "fairly considered as relating to any matter of political, social, or other concern to the community." *Holder v. City of Allentown*, 987 F.2d 188, 195 (3d Cir. 1993). Plaintiff's article, as attached by the Defendants to their Brief in Opposition (Doc. 12, Attachment 1) discusses the decision to cut the budget for the SSSD. The article dissents against this determination and requests that readers take

6

political action.  Clearly the article addresses a matter of public concern.

Defendants argue that Plaintiff's interest in expression on this matter is outweighed by the risk of injury caused by the speech.  They argue that the public speech in the article risked disrupting discipline by superiors and harmony among co-workers.[3]  The Supreme Court in *Pickering v. Board of Education of Topeka High School*, considered the balance between a teacher and a school district when discussing publicly the employee's dissent against budgetary decisions.  *Pickering*, 391 U.S. 563, 574-75 (1968).  In that case, the Court held that it was inappropriate for the teacher to be sanctioned as a result of writing a letter to the newspaper expressing concern with the budget.  *Id.*  While Plaintiff here held a higher position, that of superintendent, this distinction is not significant.  A superintendent's dissent over the legislature's budgetary decision is not likely to create significantly more strife than a teacher's dissent.  Furthermore, the article in this instance also did not challenge the conduct of any direct superior or subordinate with whom Plaintiff had constant contact.  At this stage of the proceedings, I find on balance that the Plaintiff's allegations are sufficient to demonstrate a protected interest by the Plaintiff outweighing any interests by PDE.  Plaintiff has sufficiently alleged the first prong of this analysis.

---

[3] Defendants also correctly note that the "government has an interest in regulating the speech of its employees to promote "efficiency and integrity in the discharge of official duties, and [in maintaining] proper discipline in the public service."" *Curinga v. City of Clairton*, 357 F.3d 305, 309 (3d Cir. 2004) (quoting *Connick v. Myers*, 461 U.S. 138, 150-51 (1983)).  I need not consider their arguments with respect to the speech at the meeting with Tomassini and Brennan at this time, however, because Plaintiff's claim will be sustained based upon the allegations of retaliation against the Plaintiff's speech in the newspaper article.

7

2. Retaliation Sufficient to Deter

Second, Plaintiff alleges that a transfer of over one-hundred and twenty (120) miles and a suspension would deter a reasonable person from exercising their rights. The Court agrees that each of these actions would deter a person from exercising their First Amendment rights. Plaintiff has sufficiently alleged the second prong of this analysis.

3. Causal Link

Third, Plaintiff alleges that the causal link between her speech and the defendants conduct is demonstrated where she was transferred and suspended immediately following a discussion of the article with her superiors. To establish a causal link, a plaintiff usually must show either: (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link. *Lauren W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007). Defendants argue that there is no evidence that the transfer or suspension was based upon the preparation of the newspaper article. Defendants confuse, however, the Plaintiff's burden at this stage of the proceedings. The Court assumes the facts in the pleadings as true, and as stated by the Plaintiff's Amended Complaint the discussion of the article was close in time to the transfer and suspension. A reasonable inference may be drawn that the speech was a substantial factor in the punishment, or indeed that it was the only factor and that the remaining conduct was merely pre-text. Plaintiff's allegations satisfy this third prong.

Plaintiff sufficiently alleges a claim of First Amendment retaliation against Defendants Tommasini and Brennan. Because at this stage of the proceedings, Plaintiff has plead sufficient facts to establish a cause of action, Defendants' motion to dismiss will be denied.

B. Fourteenth Amendment

Defendants next argue that Plaintiff fails to state a cause of action under the Fourteenth Amendment because the allegations are already covered by her claims of First Amendment retaliation. Plaintiff articulates in her Brief in Opposition that she "is not asserting any claim created by the 14th Amendment only the 1st Amendment." (Brief in Opp'n at 1 n.1, Doc. 18.) Defendants arguments with respect to a cause of action under the Fourteenth Amendment are therefore moot.

**II. Constructive Discharge (Count II)**

Defendants argue that Plaintiff's state-law cause of action for constructive discharge is barred by the doctrine of sovereign immunity. Pennsylvania has expressly declared that the Commonwealth and officials, while acting within the scope of their duties, remain immune from suit except in cases of specific waiver. 1 PA. CONS. STAT. ANN. § 2310. The waiver of sovereign immunity is limited to nine (9) exceptions.[4] 42 PA. CONS. STAT. ANN. § 8522. Furthermore, "[t]he exceptions to sovereign immunity are strictly construed '[b]ecause of the clear intent to insulate [the] government from exposure to tort liability.'" *Stackhouse v. Commonwealth of Pennsylvania*, 892 A.2d 54, 59 (Pa. Commw. Ct. 2006) (quoting *Dean v. Dep't of Transp.*, 751 A.2d 1130, 1132 (Pa. 2000)). None of the exceptions apply here, and therefore, the Pennsylvania Department of Education is entitled to sovereign immunity. *See Grigsby v. Kane*, 250 F.Supp. 2d 453, 457 (M.D. Pa. 2003).

---

[4] Pennsylvania limits its waiver of sovereign immunity to (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines. 42 PA. CONS. STAT. ANN. § 8522.

9

Sovereign immunity also protects Commonwealth actors acting within the scope of their duties. *La Frankie v. Miklich*, 618 A.2d 1145, 1149 (Pa. Commw. Ct. 1992) (citing *Yakowicz v. McDermott*, 548 A.2d 1330 (Pa. Commw. Ct. 1988), *appeal denied*, 565 A.2d 1168 (Pa. 1989) (sovereign immunity applied to defamation claim arising from a written performance review)). Where there is no colorable claim of actions beyond job-related functions, the official shares sovereign immunity. *Grigsby*, 250 F.Supp. 2d at 457 (discussing sovereign immunity from wrongful discharge claim). Plaintiff's Amended Complaint alleges only that Tommasini and Brennan harmed Plaintiff while performing their job-related functions for the PDE. (Amend. Compl. ¶ 3-4.) Because there is no colorable allegation for conduct beyond their job-functions, Tomassini and Brennan are also shielded by sovereign immunity.

Plaintiff argues that because injunctive relief, not money damages, are sought against Tommasini and Brennan, that sovereign immunity does not bar her claim. (Brief in Opp'n at 5, Doc. 18.) Sovereign immunity bars suits seeking compensation and those seeking mandatory injunctions to compel state action, but not those seeking prohibitory injunctions. *Stackhouse v. Commonwealth of Pennsylvania*, 892 A.2d 54, 61 (Pa. Commw. Ct. 2006). Plaintiff's requested relief in this case is "equitable relief in the form of resuming her former job." (Brief in Opp'n at 5, Doc. 18.) Because this is an injunction to *compel* state action, rather than to *prohibit* violative conduct, sovereign immunity bars such relief. Because Pennsylvania has not waived its sovereign immunity, Defendants' motion will be granted as to Count II.

**CONCLUSION**

For the reasons stated above, Defendants' motion will be granted in part and dismissed in part. Plaintiff's Amended Complaint alleges a proper cause of action against Defendants Tommasini and Brennan, in their individual capacities, at Count I as to the claim of First Amendment retaliation. As to all other claims in Plaintiff's Amended Complaint, the Defendants' motion will be granted and the Plaintiff's Amended Complaint will be dismissed.

An appropriate order will follow.


 January 22, 2010                                          /s/ A. Richard Caputo    
Date                                                                       A. Richard Caputo
                                                                                United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MONITA HARA,

    Plaintiff,

    v.

THE PENNSYLVANIA DEPARTMENT OF EDUCATION, JOHN TOMMASINI, AND CHRISTINE BRENNAN,

    Defendants.

CIVIL ACTION NO. 3:09-CV-1014

(JUDGE CAPUTO)

## ORDER

**NOW**, this   22nd   day of January, 2010, **IT IS HEREBY ORDERED** that the Defendants Motion to Dismiss the Amended Complaint (Doc. 11) is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) As to claims at Count I alleging First Amendment violations by Defendants Tommasini and Brennan, in their individual capacities, the Defendants' Motion to Dismiss is **DENIED**.

(2) As to all other claims, the Defendants' Motion to Dismiss is **GRANTED**.

                                         /s/ A. Richard Caputo
                                         A. Richard Caputo
                                         United States District Judge